UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER aka Gary Dale Barger aka Sonny Barger II,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:16-cv-01902-AWI-SKO HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**(Docs. 1 and 5)** |

Petitioner Gary Francis Fisher (also known as Gary Dale Barger and Sonny Barger II) proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although Petitioner sets forth three general grounds for relief ((1) false arrest and sham prosecution; (2) the Federal Bureau of Investigation's (FBI) noncompliance with the Freedom of Information Act (FOIA); and (3) Petitioner's serious medical needs), each incorporates a multitude of subclaims. On January 12, 2017, Petitioner moved to amend the petition to include a procedural due process claim. (Doc. 5.) Petitioner has previously advanced these claims, and the various subclaims included within each claim, in multiple petitions.[1] The undersigned recommends that the Court dismiss the petition as second or successive and deny the motion to amend to add an additional claim.

---

[1] The Court has examined 23 determinations in 22 different habeas and § 1983 cases filed by Petitioner since 2012.

**I.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**II.    Second or Successive Petition**

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive

///

///

petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Petitioner has not secured authorization from the Ninth Circuit Court of Appeals to bring the claims in the above-captioned petition or motion to amend.

The above-captioned petition is one of many habeas petitions filed by Petitioner, in which he has presented some or all of the same claims repetitively. *See, e.g.*, *Barger v. Plant*, 2015 WL 1926217 (C.D.Cal. April 27, 2015) (No. LA CV 15-00790-VBF-MAN) (dismissing petition with prejudice as *res judicata*); *Barger v. Rackley*, 2014 WL 4976084 (E.D.Cal. Sept. 29, 2014) (No. 1:14-cv-00946-LJO-MJS (HC)) (dismissing petition as second or successive and noting Petitioner's claim of FBI's violation of the Freedom of Information Act); *Fisher v. Planet*, 2014 WL 4667066 (C.D.Cal. Sept. 16, 2014) (No. LA CV-14-03356-VBF-MAN) (dismissing claim of bogus arrest and sham trial as unexhausted and untimely); *Fisher v. Planet*, 2014 WL 4664510 (C.D.Cal. Sept. 18, 2014) (No. LA CV 14-04450-VBF (MAN)) (dismissing petition with prejudice as unexhausted and facially untimely). Because any petition that Petitioner files without circuit court authorization is a second or successive petition, the Court must also deny the motion to amend.

In addition, Petitioner has also filed multiple petitions in which he alleges both habeas and § 1983 claims, as he does in this case.[2] *See, e.g., Barger v. Director of "OPS" of CDCR*, 2014 WL 5697171 (E.D.Cal. Nov. 4, 2014) (No. 1:14-cv-01659-SMS (HC)); *Fisher v. Ventura County Sheriffs Narcotics Agency*, 2014 WL 2772705 (C.D.Cal. June 18, 2014) (No. CV 14-04494-VBF (MAN)). Despite repeated dismissals for mixing civil rights and habeas claims, Petitioner persists in these mixed filings, stating, "By connecting 42 U.S.C. § 1983 with a federal petition for habeas corpus, it acts like a superlative binary mechanism." *Fisher v. Rackley*, 2014 WL ///

///
///

---

[2] Because of repeated frivolous, malicious, and meritless complaints, at least three decisions have referred to Petitioner's being barred from filing § 1983 *in forma pauperis* under the "three-strikes rule" (28 U.S.C. § 1915). *Barger v. Tucker* (C.D. Cal. May 4, 2015) (No. CV 15-02464 VBF (MAN)); *Barger v. Hardy* (C.D. Cal. March 9, 2015) (No. CV 15-01373 VBF (MAN)); *Fisher v. Director of "OPS" of CDCR* (E.D.Cal. August 5, 2015) (No. 2:13-cv-01373-TLN-EFB). Petitioner's inability file additional § 1983 claims without paying the filing fee in full may account for his practice of including § 1983 claims in his habeas petitions.

3

7335677 at *1 (E.D.Cal. Dec. 19, 2014) (No. 2:14-cv-02135-AC (HC)) (implicitly finding petition frivolous or malicious and summarily dismissing petition for failure to allege any supporting facts or valid claims for relief).  *See also Barger v. Ventura County Judicial System*, 2013 WL 875982 at * 1 (E.D.Cal. Mar. 7, 2013) (No. 1:13-cv-00074-GSA (HC)) (dismissing petition on Petitioner's motion and commenting "The Court agrees [with Petitioner], in that the petition is completely nonsensical.")  As a result, even if the petition were not successive, the Court would lack jurisdiction due to the mix of habeas and civil rights claims. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

Accordingly, the Court should dismiss the petition and deny the motion to amend for lack of jurisdiction as both a second or successive petition and a mixed petition.

**III.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

///

4

        (B)  the final order in a proceeding under section 2255.

      (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

      (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the petition to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

**IV.**     **Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and

5

filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2017**                                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE